# EXHIBIT A

6/25/14 @ 2:38P

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

JPMORGAN CHASE BANK, a California Corporation dba
JPMORGAN CHASE & CO., and DOES 1 through 20 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARK THOMPSON, an individual

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |
| **ELECTRONICALLY FILED** |
| Superior Court of California, |
| County of Orange |
| **04/23/2014** at 09:55:08 AM |
| Clerk of the Superior Court |
| By Diana Cuevas, Deputy Clerk |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
| --- | --- |
| *(El nombre y dirección de la corte es):* Orange County Superior Court | *(Número):* 30-2014-00718349-CU-OE-CJC |

Central Justice Center
700 West Civic Center Drive, Santa Ana, CA 92701

Judge Linda Marks

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Averto Law Firm; John D. Wu, (949) 891-2837, 245 Fischer Ave., Suite D1, Costa Mesa, CA

Diana Cuevas

| DATE: 04/23/2014 | ALAN CARLSON, Clerk of the Court | , Deputy |
| --- | --- | --- |
| *(Fecha)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* JPMORGAN CHASE BANK, a California Corporation dba JPMORGAN CHASE & CO.

under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
| --- | --- | --- |
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

EXHIBIT A - Page 9

AVERTO LAW FIRM, PC
JOHN D. WU, SBN 269183
245 Fischer Avenue, Unit D-1
Costa Mesa, CA 92626
Tel: (949) 891-2837
Fax: (949) 630-0426
jwu@avertolawfirm.com

Attorneys for Plaintiff,
MARK THOMPSON

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

**04/23/2014** at 09:55:08 AM

Clerk of the Superior Court
By Diana Cuevas, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## ORANGE COUNTY – CENTRAL JUSTICE CENTER

| | |
|---|---|
| MARK THOMPSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK, a California Corporation dba JPMORGAN CHASE & CO., and DOES 1 through 20 inclusive,<br><br>Defendants. | Case No.: 30-2014-00718349-CU-OE-CJC<br><br>Judge Linda Marks<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **Violation of *Cal. Labor Code* § 226**<br><br>2. **Race Discrimination in Violation of the California Fair Employment and Housing Act (the "FEHA")**<br><br>3. **Wrongful Termination in Violation of Public Policy**<br><br>4. **Breach of Contract**<br><br>**Demand For Jury Trial** |

Plaintiff Mark Thompson (hereinafter "Plaintiff") brings this Complaint against Defendants JPMorgan Chase Bank, and DOES 1 through 20, inclusive (collectively referred to as "Defendants") and alleges:

### Parties, Venue, and General Allegations

1. Plaintiff is, and at all relevant times herein has been, an individual residing in Orange County, California.

2. Defendants are and at all relevant times were doing business as JPMorgan Chase & Co., in Orange County, California.

3. Plaintiff is ignorant of the true names and capacities of the Defendants sued as DOES 1 through 20, inclusive, and therefore sues these Defendants by such fictitious names.

-1-                                    COMPLAINT FOR DAMAGES

Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants named as Defendants DOES 1 through 20, inclusive is and was in some manner responsible for, participated in or contributed to the matters and things of which Plaintiff complaints herein, and in some fashion, has legal responsibility.    Plaintiff will amend the Complaint to allege Defendants' true names and capacities when ascertained.

4.    Venue is proper in this Court because Defendants do substantial business in Orange County, California.    Moreover, Defendants employed Plaintiff in Orange County, California.

5.    The Complaint constitutes Plaintiff's action against Defendants for violation of California Labor Code § 226(c), Breach of Contract, Race Discrimination and Wrongful Termination in Violation of Public Policy.

6.    Defendants employed Plaintiff as a Review Appraiser from around 2008 through around July 3, 2012.

7.    Upon information and belief, Defendants singled out Plaintiff for demotion and discharge of employment for no apparent reason, other than the fact that Plaintiff is black, or African American.    For example, in 2010, Plaintiff's supervisor, Dean Owens, singled out Plaintiff, amongst his non-black peers for a demotion, which was couched as promotion. Essentially, Mr. Owens offered Plaintiff an opportunity to take a position with less pay.    When Plaintiff declined Mr. Owens's offer, Plaintiff was subjected to negative year-end reviews for the end of 2010 and 2011.

8.    At the end of 2010, Plaintiff received a performance review that was rated significantly lower from the past several years.    Plaintiff was criticized as not having enough billings. For the first time in several years, Plaintiff was denied a merit increase in salary.

9.    Throughout the 2011 year, Plaintiff successfully increased his billings. Nevertheless, Plaintiff again received negative year-end reviews from Mr. Owens.

10.    At the end of 2011, Mr. Owens denied Plaintiff's request for vacation at the end of the year. Furthermore, Mr. Owens required Plaintiff to appear on New Year's Eve of 2011 for a performance review.

-2-

**Complaint for Damages**

11.     On New Year's Eve of 2011, Mr. Owens issued an ultimatum to Plaintiff: take a demotion or stay in Plaintiff's current position, subject to (1) receiving a completed "Final Warning Document," with supporting documentation; (2) having a thorough counseling session going over specific assignments with noted oversights, errors and omissions, and going through any other similar examples of unacceptable performance, and (3) approaching the management team with recommended solutions to any valuation issues. Plaintiff chose to stay in his current position with the expectation that Defendants would proceed in good faith.

12.     Defendants failed to satisfy any of the three conditions that Defendants set forth on or around New Year's Eve of 2011. Plaintiff repeatedly sought to ascertain when he would be receiving a Final Warning Document. Plaintiff never received this prior to his termination of employment. Moreover, Plaintiff did not receive counseling sessions with respect to the assignments concerning oversights, errors, or omissions. Finally, Plaintiff took numerous efforts to approach his management team with respect to project valuations, to the extent that Bill Bailey, a member of management, openly acknowledged that Plaintiff was satisfying the last condition of the ultimatum.

13.     Notwithstanding Plaintiff's efforts, Defendants terminated Plaintiff's employment on July 3, 2012, failed to issue a performance improvement plan to Plaintiff prior to termination, and failed to provide any severance package to Plaintiff. Upon information and belief, Plaintiff was treated differently from his non-black peers, who did receive performance improvement plans and genuine opportunities to address work performance issues prior to termination of employment.

14.     On or about May 6, 2013, Plaintiff submitted a request to Defendants for any all payroll records, including pay statements, under *California Labor Code* § 226(b), and any and all documents signed by Plaintiff relating to, obtaining, or holding employment with Defendants, under *California Labor Code* § 432. Defendants failed to provide all complaint documents, such as requisite wage statements, within the time period (21 calendar days) set forth under these statutes.

///

-3-

**Complaint for Damages**

## FIRST CAUSE OF ACTION

### Failure to Indemnify Employee In Violation of Cal. Labor Code § 2802

### By Plaintiff Against All Defendants

15.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 14 of this Complaint as though fully set forth herein.

16.     On or about May 6, 2013, Plaintiff submitted a request to Defendants for any all payroll records, including pay statements, under *California Labor Code* § 226(b), and any and all documents signed by Plaintiff relating to, obtaining, or holding employment with Defendants, under *California Labor Code* § 432.

17.     Defendants failed to provide Plaintiff a copy of all of Plaintiff's payroll records, such as Plaintiff's wage statements, and failed to permit Plaintiff to inspect Plaintiff's payroll records, within the time set forth in *California Labor Code* § 226(c).

18.     Plaintiff is entitled to recover a statutory penalty, to bring an action for injunctive relief to ensure compliance with *California Labor Code* § 226, and an award of costs and reasonable attorney's fees.

## SECOND CAUSE OF ACTION

### Race Discrimination in Violation of the FEHA

### By Plaintiff Against All Defendants

19.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 18 of this Complaint as though fully set forth herein.

20.     At all times herein mentioned, the FEHA, *California Government Code* §§ 12900-12996 was in full force and effect, and was binding on Defendants.  These statutes require Defendants to refrain from discriminating against any employee on the basis of an employee's race, among other statuses protected under law.

21.     Within the time provided by law, Plaintiff filed a complaint with the Department of Fair Employment and Housing ("DFEH"), in full compliance with administrative requirements, and received a right-to-sue letter.  Plaintiff thus exhausted Plaintiff's administrative requirements as to all named defendants.

-4-

Complaint for Damages

22.    Defendants terminated Plaintiff's employment in violation of the FEHA's prohibition against discrimination on the basis of Plaintiff's race.  Plaintiff was singled out for demotion, denied a meaningful opportunity to address any alleged performance issues, and denied any severance for his years of work and dedication.

23.    As a proximate result of Defendants' discrimination against Plaintiff and wrongful termination in violation of the FEHA, Plaintiff has suffered and continues to suffer damages, including, but not limited to economic damages and noneconomic damages, according to proof but in an amount substantially greater than the jurisdictional minimum of this court.

24.    Defendants' foregoing actions were intentionally done, in a malicious, oppressive, and fraudulent manner.  Thus, Plaintiff is also entitled to recover punitive damages against Defendants.

25.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees; Plaintiff will be entitled to recover attorneys' fees and costs in an amount to be determined according to proof.

### THIRD CAUSE OF ACTION

**Wrongful Termination in Violation of Public Policy**

**By Plaintiff Against All Defendants**

26.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27.    The FEHA was in full force and effect and was binding on Defendants.  Among its provisions, the FEHA prohibits discrimination on the basis of race.

28.    Upon information and belief, Defendants terminated Plaintiff's employment because of Plaintiff's race.  Plaintiff was treated differently from his non-black peers, who did receive performance improvement plans and genuine opportunities to address work performance issues prior to termination of employment.

29.    Defendants' termination of Plaintiff's employment violated California's fundamental public policy codified in the FEHA.  For example, California public policy has prohibited terminations based on an employee's race.

-5-

**Complaint for Damages**

30. As a proximate result of Defendants' discrimination against Plaintiff and wrongful termination in violation of the FEHA, Plaintiff has suffered and continues to suffer economic and non-economic in damages according to proof, but in an amount substantially greater than the jurisdictional minimum of this court.

31. Defendants' foregoing actions were intentionally done, in a malicious, oppressive, and fraudulent manner. Thus, Plaintiff is also entitled to recover punitive damages against Defendants.

## FOURTH CAUSE OF ACTION

### Breach of Contract

### By Plaintiff Against All Defendants

32. Plaintiff incorporates by reference the allegations in paragraphs 1 through 31 of this Complaint as though fully set forth herein.

33. On New Year's Eve of 2011, Defendants required to Plaintiff take one of two options: (1) take a demotion or (2) stay in Plaintiff's current position, subject to receiving a completed "Final Warning Document," with supporting documentation; having a thorough counseling session going over specific assignments with noted oversights, errors and omissions, and going through any other similar examples of unacceptable performance, and approaching the management team with recommended solutions to any valuation issues. Plaintiff chose to stay in his current position subject to the conditions that Defendants set forth and that Defendants would proceed in good faith.

34. Defendants failed to satisfy or operate in good faith concerning any of the three conditions that Defendants set forth on or around New Year's Eve of 2011. Plaintiff repeatedly sought to ascertain when he would be receiving a Final Warning Document. Plaintiff never received this prior to his termination of employment. Moreover, Plaintiff did not receive counseling sessions with respect to the assignments concerning oversights, errors, or omissions. Finally, Plaintiff took numerous efforts to approach his management team with respect to project valuations, to the extent that Bill Bailey, a member of management, openly acknowledged that Plaintiff was satisfying the last condition of the ultimatum.

-6-

**Complaint for Damages**

35. Notwithstanding Plaintiff's efforts, Defendants terminated Plaintiff's employment on July 3, 2012, without fulfilling the conditions that it set forth in 2011, without good faith, and not based upon a fair and honest reason.

36. Upon information and belief, Defendants terminated Plaintiff's employment because of Plaintiff's race. Plaintiff was treated differently from his non-black peers, who did receive performance improvement plans and genuine opportunities to address work performance issues prior to termination of employment.

37. Defendants' termination of Plaintiff's employment violated California's fundamental public policy codified in the FEHA. For example, California public policy has prohibited terminations based on an employee's race.

38. As a proximate result of Defendants' breach, Plaintiff has suffered and continues to suffer economic damages according to proof, but in an amount substantially greater than the jurisdictional minimum of this court.

WHEREFORE, Plaintiff hereby prays that the Court enter judgment in Plaintiff's favor and against Defendants, and DOES 1 through 20, inclusive, and each of them as follows:

1. For penalties under *California Labor Code* § 226, and other penalties as authorized by statute;

2. For compensatory damages, including but not limited to, economic damages and general damages;

3. For special damages;

4. For punitive damages;

5. For injunctive relief;

6. For prejudgment interest on the foregoing at the legal rate;

7. For reasonable attorneys' fees as allowed by California statute(s);

8. For costs of suit incurred herein;

9. For restitution of all amounts owed to Plaintiff by Defendants;

10. For such further relief as the Court may deem appropriate.

-7-

**Complaint for Damages**

Plaintiff hereby demands jury trial of this matter.

DATED: April 23, 2014                          AVERTO LAW FIRM

                                               By:    John D. Wu

                                               Attorneys for Plaintiff
                                               MARK THOMPSON

-8-

**Complaint for Damages**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| AVERTO LAW FIRM<br>JOHN D. WU. SBN 269183<br>245 Fischer Ave. Suite D1<br>Costa Mesa, CA 92626<br>TELEPHONE NO.: (949)891-2837    FAX NO.: (949) 630-0426<br>ATTORNEY FOR (Name): Mark Thompson | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>**04/23/2014** at 09:55:08 AM<br>Clerk of the Superior Court<br>By Diana Cuevas, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 West Civic Center Drive
MAILING ADDRESS: same
CITY AND ZIP CODE: Santa Ana 92701, CA
BRANCH NAME: Central Justice Center

CASE NAME:
Thompson v. JPMorgan Chase Bank et al.

| CIVIL CASE COVER SHEET<br>✓ Unlimited ☐ Limited<br>(Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | Complex Case Designation<br>☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER.<br>30-2014-00718349-CU-OE-CJC |
|---|---|---|
| | | JUDGE: Judge Linda Marks<br>DEPT. |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
✓ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ✓ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ✓ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive

4. Number of causes of action (specify): 4- Violation of Labor Code 226, Race Discrimination, Breach of K

5. This case ☐ is ✓ is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 23, 2014

John D. Wu
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                    **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br><br>STREET ADDRESS: 700 W. Civic Center Drive<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana CA 92701<br>BRANCH NAME:   Central Justice Center | FOR COURT USE ONLY |
|---|---|
| SHORT TITLE: Thompson vs. JPMorgan Chase Bank | |
| **NOTICE OF CONFIRMATION OF ELECTRONIC FILING** | CASE NUMBER:<br>30-2014-00718349-CU-OE-CJC |

The Electronic Filing described by the below summary data was reviewed and accepted by the Superior Court of California, County of Orange. In order to process the filing, the fee shown was assessed.

## Electronic Filing Summary Data

| | |
|---|---|
| Electronically Submitted By: | Mark Thompson |
| On Behalf of: | Mark Thompson; CCMS ID: 74605679 |
| Transaction Number: | 3137260 |
| Court Received Date: | 04/23/2014 |
| Court Received Time: | 12:38:11 PM |
| Filed Date: | 04/23/2014 |
| Filed Time: | 09:55 AM |
| Fee Amount Assessed: | $435.00 |
| Case Number: | 30-2014-00718349-CU-OE-CJC |
| Case Title: | Thompson vs. JPMorgan Chase Bank |
| Location: | Central Justice Center |
| Case Type: | Other employment |
| Case Category: | Civil - Unlimited |
| Jurisdictional Amount: | > 25000 |

| **Documents Electronically Filed/Received** | **Status** |
|---|---|
| Complaint | Accepted |
| Civil Case Cover Sheet | Accepted |
| Summons Issued and Filed | Accepted |

**Court Generated Documents**
Payment Receipt

**Comments**
**Submitter's Comments:**

**Clerk's Comments:**

04/24/2014                                    NOTICE OF CONFIRMATION OF FILING

EXHIBIT A - Page 20

## <u>Electronic Filing Service Provider Information</u>

Service Provider   OneLegal
Email:                   support@onelegal.com
Contact Person:  Customer Support
Phone:                8009388815

04/24/2014                                        **NOTICE OF CONFIRMATION OF FILING**

EXHIBIT A - Page 21

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>John D Wu, 269183<br>Averto Law Firm<br>19800 MacArthur blvd. Suite 300<br>Irvine, CA 92612<br>　　　TELEPHONE NO.: (949) 648-2285<br>ATTORNEY FOR (Name): Plaintiff | FOR COURT USE ONLY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, Orange County
700 Civic Center Drive West
Santa Ana, CA 92702-1994

| PLAINTIFF/PETITIONER: Mark Thompson<br><br>DEFENDANT/RESPONDENT: JPMORGAN CHASE BANK, a California Corporation dba | CASE NUMBER:<br>30201400718349CUOECJC |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>none |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:    Summons, Complaint, Civil Case Cover Sheet, Notice of Confirmation of Electronic Filing

By Fax

3. a. Party served: JPMORGAN CHASE BANK, a California Corporation dba JPMORGAN CHASE & CO.

   b. Person Served: CT Corporation - Jan Lapinid - Person authorized to accept service of process

4. Address where the party was served: 818 West Seventh Street 2nd Floor
   Los Angeles, CA 90017

5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 6/25/2014        (2) at  (time): 2:35 PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   c. on behalf of:


   JPMORGAN CHASE BANK, a California Corporation dba JPMORGAN CHASE & CO.


   under:         CCP 416.10 (corporation)

7. **Person who served papers**
   a. Name:          Jimmy Lizama
   b. Address:       One Legal - 194-Marin
                     504 Redwood Blvd #223
                     Novato, CA 94947

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 36.95
   e I am:
       (3) registered California process server.
           (i) Employee or independent contractor.
           (ii) Registration No.: 4553
           (iii) County: LOS ANGELES

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
   Date: 6/26/2014

| Jimmy Lizama | |
|---|---|
| (NAME OF PERSON WHO SERVED PAPERS) | (SIGNATURE) |

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

Code of Civil Procedure, § 417.10

**PROOF OF SERVICE OF SUMMONS**

EXHIBIT A - Page 22

OL# 7351925